IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  LUIS A. VELEZ,  Defendant. | 4:14-CR-3095  TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report, and moves for a downward departure under the United States Sentencing Guidelines and a downward variance from the Guidelines range. *See* filing 36.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the presentence report, asserting that he should receive a role adjustment pursuant to U.S.S.G. § 3B1.2. Filing 36 at 2. The defendant argues that he "should be credited with a downward role adjustment accordingly for minimal participant for at least 2 levels, if not 4 levels." Filing 37 at 7.

Under § 3B1.2, a defendant's offense level may be reduced by 2 levels if he was only a minor participant in any criminal activity, and by 4 levels if he was a minimal participant. The Court must determine the relevant conduct, and compare the defendant's actions against those of the other participants, evaluating his culpability in relation to the elements of the offense. *United States v. Pinkin*, 675 F.3d 1088, 1090 (8th Cir. 2012); *United States v. Goodman*, 509 F.3d 872, 875 (8th Cir. 2007). To qualify for a minor participant adjustment under § 3B1.2(b), the defendant must be "less culpable than most other participants." *Id.*, cmt. n.5. To qualify for a minimal participant adjustment under § 3B1.2(a), the defendant must be "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. n.4. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." *Id.* Minimal participants are those with "insignificant" involvement in the criminal activity. *Goodman*, 509 F.3d at 875.

The burden of establishing a role adjustment as a minor or minimal participant rests with the defendant. *Id.*; *see Pinkin*, 675 F.3d at 1090. The Court will resolve this issue at sentencing.

3.    The defendant moves for downward departure on two grounds. Filing 36 at 2-3. First, the defendant seeks a downward departure based on U.S.S.G. § 5K2.12, which permits the Court to depart downward if the defendant committed the offense because of serious coercion, blackmail, or duress, albeit under circumstances not amounting to a complete defense. Filing 37 at 8-9. Coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property, or similar injury resulting from the

unlawful action of a third party or from a natural emergency, and absent these specific serious threats, coercion is a discouraged basis for departure and must be present in some unusual or exceptional way to warrant departure from the Guidelines range. *United States v. King*, 280 F.3d 886, 890 (8th Cir. 2002). The extent of the decrease will depend on the reasonableness of the defendant's actions; on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved; and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. § 5K2.12. And it is the defendant's burden to show that the coercion caused him to commit the offense. *United States v. Cotto,* 347 F.3d 441, 446 (2d Cir. 2003); *see also, United States v. Parra,* 29 Fed. Appx. 906, 906 (3d Cir. 2002); *United States v. Sachdev,* 279 F.3d 25, 28 (1st Cir. 2002); *United States v. Pinto,* 48 F.3d 384, 388-89 (9th Cir. 1995); *cf. United States v. Henderson-Durand,* 985 F.2d 970, 976 (8th Cir. 1993).

Second, the defendant seeks a downward departure based on U.S.S.G. § 5K2.13, which permits the Court to depart downward if the defendant committed the offense while suffering from a significantly reduced mental capacity *and* that significantly reduced mental capacity contributed substantially to the commission of the offense. Filing 37 at 9-11. "Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason, or (B) control behavior that the defendant knows is wrongful. *Id.*, cmt. n.1; *see, United States v. Utlaut,* 497 F.3d 843, 844 n.3 (8th Cir. 2007); *United States v. McMorrow,* 434 F.3d 1116, 1119 (8th Cir. 2006). And it is again the defendant's burden to establish the basis for departure. *See United States v. Petersen,* 276 F.3d 432, 437 (8th Cir. 2002); *cf. Utlaut,* 497 F.3d at 845.

The Court will take the defendant's motion for departure under advisement and resolve these issues at sentencing.

4. Finally, the defendant moves for a downward variance based on his personal circumstances and the § 3553(a) factors. Filing 37 at 11-13. The Court will resolve this issue at sentencing.

5. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

- 3 -

       preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

6. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

       Dated this 10th day of February, 2015.

       BY THE COURT:

       _____
       John M. Gerrard
       United States District Judge